UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 3:14-CR-085-09 |
| | ) | |
| SAMUEL MIRACLE | ) | |

## **MEMRAORANDUM AND ORDER**

By judgment dated March 11, 2015, this Court sentenced the defendant to a term of imprisonment of 120 months [Doc. 423]. Now before the Court is the defendant's *pro se* motion for modification of sentence [Doc. 795] in which he moves for a two-level minor role reduction in his offense level, citing United States Sentencing Guidelines ("U.S.S.G.") Amendment 794.

Amendment 794 went into effect on November 1, 2015, altering Application Note 3(A) of U.S.S.G. § 3B1.2 and adding a list of factors to Application Note 3(C). Guideline 3B1.2 allows the court to reduce the offense level of a defendant who was a "minimal" or "minor" participant in the offense of conviction. Amendment 794 "provides additional guidance to sentencing courts in determining whether a [3B1.2] mitigating role adjustment applies." U.S.S.G. app. C, amend. 794 (2015).

The defendant's request for retroactive application of Amendment 794 is addressed under 18 U.S.C. § 3582(c)(2). That statute gives district courts discretion to reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if

such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Guideline 1B1.10 is a policy statement issued by the Sentencing Commission. Guideline 1B1.10(d) lists the amendments that can be retroactively applied. Amendment 794 is not on that list. A sentence reduction under Amendment 794 is therefore not "consistent with applicable policy statements issued by the Sentencing Commission," and the defendant is not entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2). *See, e.g., Johnson v. United States*, Nos. 2:16-cv-528, 2:10-cr-185, 2016 WL 6084018, at *2 (S.D. Ohio Oct. 17, 2016) ("Amendment 794 is not retroactively applicable on collateral review. U.S.S.G. § 1B1.10 lists those Guidelines amendments that have been made retroactively applicable to defendants on collateral review, and Amendment 794 is not listed.") (citations omitted).

Were the defendant to rely on *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), and *United States v. Carter*, Nos. 15-3618, 15-3643, 2016 WL 5682707 (6th Cir. Oct. 3, 2016), he would fare no better. *Quintero-Leyva* and *Carter* hold only that Amendment 794 applies retroactively to cases on *direct appeal* to an appellate court. *Quintero-Leyva*, 823 F.3d at 523 ("We therefore hold that [Amendment 794] applies retroactively *to direct appeals*.") (emphasis added); *Carter*, 2016 WL 5682707, at *6 ("We agree with [*Quintero-Leyva*] and adopt its reasoning.").

Because the instant defendant's case is not in a posture of direct appeal, *Quintero-Leyva* and *Carter* do not apply. *See, e.g., Klosowski v. United States*, No. 12-cr-20458, 2016 WL 6696023, at *1 (E.D. Mich. Nov. 15, 2016) ("Amendment 794 has not, however,

been held to be retroactive on collateral appeal" by *Quintero-Leyva* or *Carter*.); *Johnson*, 2016 WL 6084018, at *2 (*Quintero-Leyva* "did not hold that such [retroactive] relief [under Amendment 794] is available on collateral review, and other courts have concluded that it is not.") (citations omitted).

For all the forgoing reasons, defendant's motion for modification of sentence pursuant to Amendment 794 [Doc. 795] is **DENIED**.

IT IS SO ORDERED.

    s/ Thomas W. Phillips
SENIOR UNITED STATES DISTRICT JUDGE